IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

XYLIE ESHLEMAN,                    )
                                   )
            Plaintiff,             )
                                   )
VS.                                )          No. 1:15-cv-1106-JDT-egb
                                   )
CHESTER COUNTY,                    )
                                   )
            Defendant.             )

---

## REPORT AND RECOMMENDATION

On May 7, 2015, plaintiff Xylie Eshleman filed this Complaint against Chester County accompanied by a motion seeking leave to proceed *in forma pauperis*. (D.E. 1-3). In an order issued on May 29, 2015, the Court granted leave to proceed *in forma pauperis*. Plaintiff purports to sue Chester County, Officer Steve Davidson, Sheriff Blair Weaver, Officer Jason Crouse, deputy Sheriff Mark Griffin, the Henderson Police Department and the Henderson Sheriff's Department. This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.)

The Complaint describes Plaintiff as a natural person and a sovereign citizen, and the court as an Article III Eshleman Court of Record. Plaintiff's Complaint sets forth that she is suing for monetary damages and criminal charges incurred from "conspiracy depravation of rights under color of law." Plaintiff complains

that the police team was intimidating, assaulted her verbally, was "data collecting," "being informants to some principal as policy operational in nature," threatening fundamental rights and that wrongdoers "destroyed Xylie by media libel, false light invasion of privacy with terrorism in the news."

While her complaint is long and rambling, and at times nonsensical, the gist Plaintiff's complaint is as follows. Plaintiff states that she was pulled over by Officer Davidson for having a registration plate in the window, not on the back, of her vehicle. Plaintiff states that she was "seized" for 22-25 minutes, along with Dustin Rosondich who was with her. She complains that Sheriff Griffin "is ignorant of law, telling me statutes are law and bothering me with such nonsense of demanding a license instead of discussing if I am even required to have one." She complains that "Sheriff Mark Griffin refused to take a declaratory judgment final decree remedy 3 times!" She further states that Sheriff Griffin "opened his hands as if to say yes" when Plaintiff asked if he was trained "by such (covert propaganda) materials as 'The Anti Government Movement Handbook?'" Plaintiff complains that the police photographed her and performed an illegal search "acting as informants based on some hidden policy." Plaintiff complains that Officer Crouse pointed a "finger gun" at her to intimidate her. When Officer Davidson asked Plaintiff for her name, she says she gave him a fee schedule signed Brown v Texas, as an alias to

2

protect her identity. Plaintiff argues that because he took the paper from her, he agreed to her fee schedule and "a deals a deal, I have the power of contracting at my pleasure and if someone administrates my property I will charge whatever I wish." She also complains of a media leak to WBBJ over the whole ordeal.

## 28 U.S.C. § 1915(e)(2) Screening

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

(i)      is frivolous or malicious;

(ii)      fails to state a claim on which relief may be granted; or

(iii)      seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

"A complaint can be frivolous either factually or legally. *See Neitzke [v. Williams]*, 490 U.S. [319,] 325, 109 S. Ct. at 1827 [(1989)]. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted. *See id.* at 328-29, 109 S. Ct. 1827." *Hill*, 630 F.3d at 470. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at

3

327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

Turning to 28 U.S.C. § 1915(e)(2)(ii), in assessing whether the complaint states a claim on which relief may be granted, the court applies the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some

factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also Song v. Gipson*, No. 09-5480, 2011 WL 1827441, at *4 (6th Cir. May 12, 2011); *Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges

have no obligation to act as counsel or paralegal to pro se litigants.").

Analysis

The first issue is whether this Court has subject matter jurisdiction over this action. Federal courts are courts of limited jurisdiction. *Finley v. United States*, 490 U.S. 545, 547-48 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976); *Stillman v. Combe*, 197 U.S. 436(1905); *Turner v. Bank of N. Am.*, 4 U.S. 8, 10 (1799). Federal courts are obliged to act *sua sponte* whenever a question concerning jurisdiction arises. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 at 70 (1984). "[Fed. R. Civ. P.] 12(h)(3) provides that a court shall dismiss an action '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter.'" *Id.*

Turning to the case at hand, Plaintiff has pled that "this is an action in common law for money damages in excess of $20" and that she is "a natural person domiciled in California Republic." A self-declared sovereign citizen, Plaintiff affixed her seal to the complaint, which states in part "Xylie Eshleman Superior Court of Record SEAL…The People of This state Do Not Yield Their

Sovereignty To The Agencies Which Serve Them." Plaintiff has not adequately alleged facts establishing diversity jurisdiction under 28 U.S.C. § 1332.

Although Plaintiff does not cite 28 U.S.C. § 1331, which grants the federal courts jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States, that would appear to be a potentially viable source of federal jurisdiction in this case if the complaint asserts a claim under the United States Constitution or some federal statute.

Plaintiff relies on 18 U.S.C. 241 and 242, which are federal criminal statutes. In general, criminal statutes do not give rise to a private cause of action and cannot be a basis for a private civil action. *Walker v. Hastings*, No. 09-CV-074-ART, 2009 WL 2914402, at *4 (E.D. Ky. Sept. 4, 2009). There is no private right of action under 18 U.S.C. §§ 241 and 242. *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003); *Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002); *Duncan v. Cone*, No. 00-5705, 2000 WL 1828089, at *1 (6th Cir. Dec. 7, 2000). Thus to the extent she seeks to bring claims under those statutes, they must be dismissed.

Turning to the remaining claims, Plaintiff contends that her rights under the United States Constitution and the Bill of Rights were violated. Plaintiff's claims for violations of her rights under the United States Constitution is properly considered under

42 U.S.C. § 1983. 42 U.S.C. § 1983 provides a right of action against state officials who violate a plaintiff's rights under the United States Constitution or federal law. The Sixth Circuit has held that § 1983 is the exclusive means by which litigants may sue state officials for violations of their constitutional rights. *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987) ("[W]e conclude that it is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights."), *vacated on other grounds*, 488 U.S. 1036 (1989).

To state a claim under 42 U.S.C. § 1983,[1] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

---

[1]     Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Plaintiff has sued Chester County. When a § 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). This second issue is dispositive of Plaintiff's claim against Chester County.

A local government "cannot be held liable *solely* because it employs a tortfeasor —or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not

received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Co. v. Dodson*, 454 U.S. at 326 (citation omitted)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, *see, e.g., Fowler v. Campbell*, Civil Action No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007); *Yeackering v. Ankrom*, No. 4:05-CV-00018-M, 2005 WL 1877964, at *2 (W.D. Ky. Aug. 5, 2005); *Oliver v. City of Memphis*, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004); *cf. Raub*

10

*v. Correctional Med. Servs., Inc.*, No. 06-13942, 2008 WL 160611, at *2 (E.D. Mich. Jan. 15, 2008) (denying motion to dismiss where complaint contained conclusory allegations of a custom or practice); *Cleary v. County of Macomb*, No. 06-15505, 2007 WL 2669102, at *20 (E.D. Mich. Sept. 6, 2007) (same); *Morningstar v. City of Detroit*, No. 06-11073, 2007 WL 2669156, at *8 (E.D. Mich. Sept. 6, 2007) (same); *Chidester v. City of Memphis*, No. 02-2556 MA/A, 2006 WL 1421099, at *3 (W.D. Tenn. June 15, 2005). The allegations of the complaint fail to identify an official policy or custom which caused injury to Plaintiff. Instead, other than vague allegations of profiling sovereign citizens, it appears that Plaintiff is suing Chester County because it employed persons who allegedly violated her rights.

Further, there is no *respondeat superior* liability under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (liability under § 1983 in a defendant's personal capacity must be predicated upon some showing of direct, active participation in the alleged misconduct). When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, Plaintiff specifically states that Defendant Weaver was liable as supervisor, so the claim against him must be dismissed.

The complaint does not assert a valid false arrest claim. A Fourth Amendment claim for false arrest requires an arrest without probable cause. See, e.g., Parsons v. City of Pontiac, 533 F.3d 492, 500 (6th Cir. 2008); Crockett v. Cumberland College, 316 F.3d 571, 580 (6th Cir. 2003) ("Today it is well established that an arrest without probable cause violates the Fourth Amendment."). Probable cause exists where a suspect is arrested pursuant to a facially valid warrant or where "'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense." Crockett, 316 F.3d at 580 (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)); see also Wolfe v. Perry, 412 F.3d 707, 717 (6th Cir. 2005) ("probable cause necessary to justify an arrest is defined as 'whether at that moment [of the arrest] the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense'") (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)) (alterations in original); Gardenhire v. Schubert, 205 F.3d 303, 315 (6th Cir. 2000).[2]

---

[2] The fact that an arrest does not result in a conviction does not necessarily mean that the arrestee has a valid false arrest claim. Because the relevant inquiry concerns the information available to the

In this case the complaint makes clear that Plaintiff was initially stopped for not having a properly displayed license plate, and she was uncooperative, refusing to produce her license, provide her name, cussed at one of the officers ("Steve Davidson said he needed my name in case if I was a felon, and I took off my glasses and told him to look me in the damn eyes, I am who I say I am, burden of proof is on him to prove me wrong; he was upset."). Plaintiff was not entitled to refuse to produce her driver's license on request. "No person shall willfully fail or refuse to comply with any lawful order or direction of any police officer invested by law with authority to direct, control or regulate traffic." Id. § 55-8-104(a). Pursuant to Tenn. Code Ann. § 55-30-301(a)(1), "[n]o person, except those expressly exempted by this section, shall drive any motor vehicle upon a highway in this state unless the person has a valid driver license under the provisions of this chapter for the type or class of vehicle being driven." "Every licensee shall have the licensee's license in immediate possession at all times when operating a motor vehicle and shall display it upon demand of any . . . police officer of

---

officer at the time of the arrest, "[a] valid arrest based upon then-existing probable cause is not vitiated if the suspect is later found innocent." Criss v. City of Kent, 867 F.2d 259, 262 (6th Cir. 1988); see also Baker, 443 U.S. at 145 ("The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released.").

the state, county, or municipality." Id. § 55-50-351(a). Thus,

Defendants had reason to believe Plaintiff was violating the law.

Plaintiff was detained for "about 22-25 minutes" and given her

hostility and lack of cooperation during the stop, the officers at

the scene acted reasonably. "Detention of a motorist is reasonable

where probable cause exists to believe that a traffic violation

has occurred. See, *e.g., Delaware v. Prouse,* 440 U.S. 648, 659, 99

S.Ct. 1391, 1399, 59 L.Ed.2d 660.

Plaintiff has alleged that the officers conducted an illegal

search. The Fourth Amendment of the U.S. Constitution provides,

"[t]he right of the people to be secure in their persons, houses,

papers, and effects, against unreasonable searches and seizures,

shall not be violated, and no Warrants shall issue, but

upon probable cause, supported by Oath or affirmation, and

particularly describing the place to be searched, and the persons

or things to be seized." A search under Fourth Amendment occurs

when a governmental employee or agent of the government violates

an individual's reasonable expectation of privacy. Temporary

detention of individuals during the stop of an automobile by the

police, even if only for a brief period and for a limited purpose,

constitutes a "seizure" of "persons" within the meaning of this

provision. See *Delaware v. Prouse,* 440 U.S. 648, 653, 99 S.Ct.

1391, 1395, 59 L.Ed.2d 660 (1979); *United States v. Martinez-*

*Fuerte,* 428 U.S. 543, 556, 96 S.Ct. 3074, 3082, 49 L.Ed.2d 1116

(1976); *United States v. Brignoni-Ponce,* 422 U.S. 873, 878, 95

S.Ct. 2574, 2578, 45 L.Ed.2d 607 (1975). Whether a traffic stop

violates the Fourth Amendment must be evaluated in the same manner

as other alleged violations of that Amendment: by undertaking "an

objective assessment of an officer's actions in light of the facts

and circumstances then known to him. The language of the Amendment

itself proscribes only 'unreasonable' searches and seizures."

*Scott v. United States,* 436 U.S. 128, 137, 98 S.Ct. 1717, 1723

(1978). An automobile stop is thus subject to the constitutional

imperative that it not be "unreasonable" under the circumstances.

As a general matter, as stated above, the decision to stop an

automobile is reasonable where the police have probable cause to

believe that a traffic violation has occurred. See *Prouse, supra,*

at 659, 99 S.Ct., at 1399; *Pennsylvania v. Mimms,* 434 U.S. 106,

109, 98 S.Ct. 330, 332, 54 L.Ed.2d 331 (1977) *(per curiam); United

States v. Ferguson,* 8 F.3d 385, 392 (6th Cir. 1993).

Here, the officers had probable cause to believe that

Plaintiff violated the traffic code given she was driving with no

visible license plate. That rendered the stop reasonable under the

Fourth Amendment, and delays in the completion of the stop, if

any, were reasonable given the refusal of Plaintiff to cooperate

and provide her license.

Because Plaintiff fails to state a federal claim for which

relief may be granted, the Magistrate Judge recommends that the

Court decline to exercise supplemental jurisdiction and dismiss Plaintiff's myriad nonfederal claims as well.

In addition to Plaintiff's failure to state a claim, the Magistrate Judge finds Plaintiffs' claims frivolous and without merit. Plaintiff's claims range from nonsensical to indecipherable. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*. at 33. Plaintiff's claim boils down to the irrational belief that she should have the right to drive a car without licensing and registration, in violation of the law. This is unfortunately a common theme among Sovereign Citizens, who are clogging the judicial system with meritless claims. Plaintiff boldly states that her complaint is incomplete and she has failed to allege elements of her claims. She states that "I don't believe it's my duty as a woman to know legalese or to write every element in legalese because it's inconvenient." She also states "Maxim of law: that which is inconvenient is not law. I believe my approach to this cause of action elements being affirmed but not specified in detail at this point is valid as the case is prima fascie [sic] and obvious negligence per se." This finding that her complaint is frivolous is a separate and independent reason for dismissal of this complaint.

For the foregoing reasons, it is recommended that the Complaint be dismissed in its entirety, pursuant to 28 U.S.C. § 1915(e)(2).

Respectfully Submitted this 17th day of November, 2015.

**s/Edward G. Bryant**
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**