IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| XYLIE ESHLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-1106-JDT-egb |
| | ) | |
| CHESTER COUNTY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION,
DISMISSING COMPLAINT AND AMENDED COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On May 7, 2015, the *pro se* Plaintiff, Xylie Eshleman, who was at the time a resident of Jacks Creek, Tennessee, filed a civil complaint. (ECF No. 1.) United States Magistrate Judge Edward G. Bryant granted leave to proceed *in forma pauperis* on May 29, 2015. (ECF No. 9.) The Clerk shall record the Defendants as Chester County, Tennessee; the City of Henderson, Tennessee; Steve Davidson, a Drug Task Force Officer; Chester County Sheriff Blair Weaver; Deputy Mark Griffin; and Henderson Police Officer Jason Crouse.[1]

On November 17, 2015, Magistrate Judge Bryant issued a Report and Recommendation ("R&R") in which he recommended dismissing the case *sua sponte* for

---

[1] The Court construes the claims against the Chester County Sheriff's Department and the Henderson Police Department as claims against Chester County and the City of Henderson, respectively.

failure to state a claim and as frivolous. (ECF No. 14.) Objections to the R&R were due within fourteen days, on or before December 4, 2015. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d). However, Plaintiff did not file any objections.

On December 28, 2015, Plaintiff filed a notice of change of address, a request for an extension of time and an amended complaint. (ECF Nos. 11, 12 & 13.) The documents are labeled "confidential" and "sealed" (ECF No. 14-1) and include the following request: "If you can seal each of these cases entirely instead of just sealing these documents only, please seal all cases entirely." (ECF No. 14.) However, there is a "strong presumption in favor of public access to judicial proceedings." *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991)). Plaintiff has not explained why she believes sealing is necessary, and it does not appear to the Court that anything currently filed in this action warrants an order sealing any part of the docket. Therefore, the request to seal either specific documents in this case or the case as a whole is DENIED.

Plaintiff stated in her notice of change of address that, "I am currently traveling and have no address." (ECF No. 11.) However, she also provided an address in Costa Rica where she could pick up mail but stated that it could take up to six weeks for her to receive it. (*Id.*) The motion for extension of time states, "[p]lease give an extension if I require more time if mail arrives after the deadline. I was not able to get the mail out earlier, because I just got notice of the order. I am international and this is the fastest mail they have." (ECF No. 12.) However, nothing further has been filed.

The Court is not required to delay this case indefinitely in order to accommodate Plaintiff's desire to travel or move to a location where she cannot easily be reached. Plaintiff is not incarcerated, and she chose to file this case *pro se*. Therefore, it is her responsibility to ensure that she has an address where she can receive mail from the Court in a timely manner and that she can file any necessary documents promptly. Plaintiff has failed to do so in this case.

It has now been almost three months since Plaintiff's objections to the Magistrate Judge's R&R were due. The request for additional time was filed outside the fourteen-day period for filing those objections, and the Court finds that Plaintiff has shown neither good cause nor excusable neglect that warrants any further extension. *See* Fed. R. Civ. P. 6(b)(1).

Having reviewed the pleadings and the law, the Court agrees with Magistrate Judge Bryant's recommendation for dismissal of the complaint. The issuance of a more detailed written opinion is unnecessary; therefore, the R&R is hereby ADOPTED. The Court has also examined the allegations in the amended complaint, which are very similar in nature to those in the original complaint, and finds that the amended complaint also fails to state a claim on which relief may be granted. Accordingly, for the reasons stated in the R&R, the federal claims in both the complaint and the amended complaint are DISMISSED for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction over the claims arising under state law, which are DISMISSED pursuant to 28 U.S.C. § 1367(c)(3).

Pursuant to Federal Rule of Appellate Procedure 24(a), the Court CERTIFIES that an appeal by Plaintiff would not be taken in good faith and DENIES leave to appeal *in forma pauperis*. Accordingly, if Plaintiff files a notice of appeal, she must also pay the entire $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE